**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACTELION PHARMACEUTICALS US, INC., ACTELION PHARMACEUTICALS LTD and NIPPON SHINYAKU CO., LTD., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CIPLA LIMITED and CIPLA USA INC. | ) ) |
| Defendants. | ) ) |

C.A. No.: _____

**COMPLAINT**

Plaintiffs Actelion Pharmaceuticals US, Inc. ("Actelion Inc."), Actelion Pharmaceuticals Ltd ("Actelion Ltd"), (together "Actelion"), and Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") (collectively, "Plaintiffs"), for their Complaint against Defendants Cipla Limited ("Cipla Ltd.") and Cipla USA Inc. ("Cipla Inc.") (collectively, "Cipla" or "Defendants"), hereby allege as follows:

**THE PARTIES**

1.      Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

2.      Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

3.      Plaintiff Nippon Shinyaku is a Japanese corporation having a primary place of business at 14, Nishinosho-Monguchi-cho, Kisshoin, Minami-ku, Kyoto 601-8550, Japan.

4.      Upon information and belief, Defendant Cipla Ltd. is an entity organized and existing under the laws of India, with a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, India.

5.      Upon information and belief, Cipla Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

6.      Upon information and belief, Cipla Inc. is an entity organized and existing under the laws of the State of Delaware, with a principal place of business at 10 Independence Blvd., Suite 300, Warren, New Jersey 07059.

7.      Upon information and belief, Cipla Inc. develops, manufactures, markets, distributes, sells, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

8.      Upon information and belief, Cipla Inc. is registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under Business ID No. 5207954.

9.      Upon information and belief, Cipla Inc. is a wholly owned-subsidiary of Cipla Ltd.

10.      Upon information and belief, Cipla Inc is the U.S. agent for Cipla Ltd.

11.      Upon information and belief, Cipla Ltd. and Cipla Inc. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products.  Upon further information and belief, Cipla Ltd. and Cipla Inc. are agents of each other and/or operate in concert as integrated parts of the same business group.

## NATURE OF THE ACTION

12.    This is a civil action for infringement of United States Patent Nos. 8,791,122 ("the '122 patent") and 9,284,280 ("the '280 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

13.    This action relates to Defendant Cipla Ltd.'s submission of Cipla Ltd.'s Abbreviated New Drug Application ("ANDA") No. 216607, under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C § 355(j)), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, import, offer to sell, and/or sell generic Selexipag for Injection, 1.8 mg/vial ("Cipla's ANDA Product"), before expiration of the patents-in-suit.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case involves an actual controversy within the Court's jurisdiction.

15.    The Court has personal jurisdiction over Cipla Ltd., and venue is proper as to Cipla Ltd., because, *inter alia*, Cipla Ltd.:  (1) directs and/or controls Cipla Inc., which is an entity organized and existing under the laws of the State of Delaware as well as registered to do business in Delaware; (2) has purposefully availed itself of the privilege of doing business in Delaware, directly or indirectly through its subsidiary, agent, and/or alter ego; (3) maintains pervasive, continuous, and systematic contacts with the State of Delaware, including marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware; (4) upon information and belief, derives

substantial revenue from the sale of its products in Delaware; and (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Cipla's ANDA Product.

16.     This Court also has personal jurisdiction over Cipla Ltd. because, *inter alia*, it has availed itself of the legal protections of the State of Delaware by previously consenting to personal jurisdiction as well as asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g., Acerta Pharma BV et al. v. Cipla Ltd. et al.*, C.A. No. 22-0162-RGA; *UCB Inc. et al. v. Cipla Ltd. et al.*, C.A. No. 21-1229-CFC; *Boehringer Ingelheim Pharms. Inc. et al. v. Cipla Ltd. et al.*, C.A. No. 19-1494-CFC; *H. Lundbeck A/S et al. v. Cipla Ltd. et al.*, C.A. No. 18-0753-LPS; *Pharmacyclics LLC et al. v. Cipla Ltd. et al.*, C.A. No. 18-0247-GMS; *Alcon Rsch., Ltd. v. Cipla Ltd. et al.*, C.A. No. 17-1244-GMS.

17.     Cipla Ltd. also has availed itself of the benefits and protections of Delaware law by initiating litigation in this Judicial District and invoking this Court's jurisdiction.  *See, e.g., Cipla Ltd. v. Boehringer Ingelheim Pharms. Inc. et al.*, C.A. No. 22-0300-MN; *Cipla Ltd. et al. v. AstraZeneca AB et al.*, C.A. No. 19-0733-MN.

18.     Alternatively, this Court may exercise jurisdiction over Cipla Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Plaintiffs' claims arise under federal law; (2) Cipla Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Cipla Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, submitting various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Cipla Ltd. satisfies due process.

19.    This Court has personal jurisdiction over Cipla Inc., and venue is proper as to Cipla Inc., because, *inter alia*, Cipla Inc.:  (1) is a Delaware corporation; (2) has purposely availed itself of the privilege of doing business in Delaware, including, *inter alia*, registering with the Department of State Division of Corporations as a business operating in Delaware under Business ID No. 5207954; (3) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including the State of Delaware; (4) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical drugs in the State of Delaware, including through a network of wholesalers and distributors, for the purposes of marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware; (5) upon information and belief, derives substantial revenue from the sale of its products in Delaware; and (6) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Cipla's ANDA Product.

20.    This Court also has personal jurisdiction over Cipla Inc. because, *inter alia*, it has availed itself of the legal protections of the State of Delaware by previously consenting to personal jurisdiction as well as asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g.*, *Acerta Pharma BV et al. v. Cipla Ltd. et al.*, C.A. No. 22-0162-RGA; *UCB Inc. et al. v. Cipla Ltd. et al.*, C.A. No. 21-1229-CFC; *Boehringer Ingelheim Pharms. Inc. et al. v. Cipla Ltd. et al.*, C.A. No. 19-1494-CFC; *Genentech, Inc. et al. v. Cipla Ltd. et al.*, C.A. No. 19-0219-RGA; *H. Lundbeck A/S et al. v. Cipla Ltd. et al.*, C.A. No. 18-0753-LPS; *Onyx Therapeutics, Inc. v. Cipla Ltd. et al.*, C.A. No. 18-0598-LPS.

21.    Cipla Inc. also has availed itself of the benefits and protections of Delaware law by initiating litigation in this Judicial District and invoking this Court's jurisdiction.  *See, e.g.*, *Cipla Limited et al. v. AstraZeneca AB et al.*, C.A. No. 19-0733-MN.

22.     This Court also has personal jurisdiction over Cipla because, *inter alia*, Cipla Ltd. and Cipla Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of Delaware, that have led to foreseeable harm and injury to Plaintiffs in the State of Delaware.

23.     Venue is proper in this Court for Cipla Ltd. pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Cipla Ltd. is a foreign corporation and may be sued in any judicial district in the United States in which Cipla Ltd. is subject to the court's personal jurisdiction.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

24.     Venue is proper in this Court as to Cipla Inc. under 28 U.S.C. §§ 1391(b) or 1400(b) because Cipla Inc. is a corporation organized and existing under the laws of Delaware.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

25.     Upon information and belief, the actions of Cipla of, *inter alia*, causing Cipla's ANDA No. 216607 to be filed and maintaining distribution channels, including in the State of Delaware, establish that if granted approval, Cipla will commercially manufacture, use, offer to sell, sell, and/or import Cipla's ANDA Product throughout the United States, including in Delaware.

## UPTRAVI® AND THE PATENTS-IN-SUIT

26.     Plaintiff Actelion Inc. holds approved New Drug Application ("NDA") No. 214275, under which the FDA granted approval on July 29, 2021 for intravenous use, marketed in the United States under the brand name UPTRAVI® (selexipag).  The UPTRAVI®

labeling states that selexipag for injection is 1800 mcg of selexipag as a lyophilized powder in a single-dose vial for reconstitution and dilution.

27.    UPTRAVI®, approved in NDA No. 214275, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to delay disease progression and reduce the risk of hospitalization for pulmonary arterial hypertension.

28.    Nippon Shinyaku is the assignee of the '122 patent and the '280 patent.  Actelion Ltd is an exclusive licensee of the '122 patent and the '280 patent.  Actelion Inc. markets and sells UPTRAVI® in the United States.  Actelion Inc. and Actelion Ltd are wholly-owned subsidiaries of Johnson & Johnson.

29.    The '122 patent was duly and legally issued on July 29, 2014 (reissued September 15, 2017), and is titled "Form-I Crystal of 2-{4-[N-(5,6-Diphenylpyrazin-2-yl)-N-Isopropylamino]Butyloxy}-N-(Methylsulfonyl)Actemide."  A copy of the '122 patent is attached as Exhibit A

30.    The '280 patent was duly and legally issued on March 15, 2016, and is titled "Use of Form-I Crystal of 2-{4-[N-(5,6-Diphenylpyrazin-2-yl)-N-Isopropyl-Amino]Butyloxy}-N-(Methyl-Sulfonyl)Acetamide."  A copy of the '280 patent is attached as Exhibit B.

31.    Pursuant to 21 U.S.C. § 355(b)(l), the patents-in-suit are listed in the FDA publication titled, *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering UPTRAVI® brand selexipag for injection.

## CIPLA'S ANDA AND NOTICE LETTER

32.    Upon information and belief, Cipla Ltd. submitted ANDA No. 216607 to the FDA, including a certification with respect to the patents-in-suit under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certification"), seeking

approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Cipla's ANDA Product prior to expiration of the patents-in-suit.

33.     Upon information and belief, Cipla Ltd. sent Plaintiffs a Paragraph IV Certification Notice Letter dated March 9, 2023 stating that Cipla Ltd. filed ANDA No. 216607 seeking approval from the FDA to commercially manufacture, use, market, or sell generic Selexipag for Injection, 1.8 mg/vial, in the United States (including, on information and belief, in the State of Delaware), prior to the expiration of the patents-in-suit.

34.     On March 21, 2023, Plaintiffs requested that Cipla Ltd. produce its ANDA, Drug Master File(s), representative samples of its Active Pharmaceutical Ingredient, and samples for the exhibit batches of its ANDA Product, among other information, in connection with evaluating infringement of the patents-in-suit.  Plaintiffs repeated the request on at least March 29, 2023, during a meet and confer, and on March 30, 2023.  Cipla did not agree to provide pertinent information about its ANDA Product, including its ANDA, on reasonable terms.  This has impaired Plaintiffs' ability to evaluate the veracity of the statements made by Cipla Ltd. in its Paragraph IV Certification Notice Letter as well as Cipla's infringement of the patents-in-suit.

35.     Plaintiffs commenced this action within 45 days of the date of receipt of the Cipla Ltd. Paragraph IV Certification Notice Letter, which was dated March 9, 2023.

## CIPLA'S INFRINGEMENT OF THE PATENTS-IN-SUIT

36.     Plaintiffs re-allege paragraphs 1-35 as if fully set forth herein.

37.     Cipla Ltd. and Cipla Inc. are jointly and severally liable for any infringement of the patents-in-suit because, on information and belief, Cipla Ltd. and Cipla Inc. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 216607 and the Paragraph IV Certification to the FDA.

38.     By seeking approval of ANDA No. 216607 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Cipla's ANDA Product prior to the expiration of the patents-in-suit, Cipla has infringed one or more claims of each of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

39.     Upon information and belief, including Cipla's failure to produce the requested samples and information, Cipla's commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Cipla's ANDA Product meets or embodies all elements of one or more claims of each of the patents-in-suit.

40.     Upon information and belief, Cipla intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Cipla's ANDA Product upon receipt of final FDA approval of ANDA No. 216607.

41.     If Cipla manufactures, uses, offers to sell, or sells within the United States, or imports into the United States, Cipla's ANDA Product prior to the expiration of the patents-in-suit, Cipla will infringe one or more claims of each of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), or (g) either literally or under the doctrine of equivalents.

42.     Cipla Ltd.'s Paragraph IV Certification Notice Letter does not dispute that the '122 patent is valid.

43.     Cipla Ltd.'s Paragraph IV Certification Notice Letter does not dispute that the '280 patent is valid.

44.     Cipla had actual and constructive notice of the patents-in-suit prior to the filing of Cipla's ANDA No. 216607 seeking approval of Cipla's ANDA Product.

45.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of Cipla's ANDA No. 216607 be a date

that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent

term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled.

46.    Plaintiffs are entitled to a declaration that, if Cipla commercially manufactures,

uses, offers for sale, or sells Cipla's ANDA Product within the United States, imports Cipla's

ANDA Product into the United States, or induces or contributes to such conduct, Cipla will

infringe one or more claims of each of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), (c), or (g).

47.    Plaintiffs will be irreparably harmed by Cipla's infringing activities unless those

activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    The entry of judgment, in favor of Plaintiffs and against Cipla, that Cipla has

infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 216607;

B.    The issuance of a permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or

35 U.S.C. § 283 restraining and enjoining Cipla, its directors, officers, agents, attorneys, affiliates,

divisions, successors and employees, and those acting in concert with Cipla, from infringing the

patents-in-suit by the commercial manufacture, use, offer to sell, or sale within the United States,

and/or importation into the United States, of Cipla's ANDA Product;

C.    The entry of an order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date

of any approval of ANDA No. 216607 be a date that is not earlier than the expiration date of the

latest to expire of the patents-in-suit, or any later expiration of any patent term extension or

exclusivity for the aforementioned patents to which Plaintiffs are or become entitled;

D.    An award of monetary relief to the extent Cipla commercially manufactures, uses,

offers for sale, or sells within the United States, or imports into the United States, any product that

infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the aforementioned patents, including any later expiration of any patent term extension or exclusivity for the patents to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment and post-judgment interest;

E.    A declaration that this is an exceptional case and an award of reasonable attorneys' fees and expenses to Plaintiffs pursuant to 35 U.S.C. §§ 271(e)(4)(A) and 285; and

F.    Such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

*Of Counsel:*                                      */s/ Steven J. Balick*

Preston K. Ratliff II                              Steven J. Balick (#2114)
Bruce M. Wexler                                    Andrew C. Mayo (#5207)
Aaron P. Selikson                                  500 Delaware Avenue, 8th Floor
Jessica Stauring                                   P.O. Box 1150
PAUL HASTINGS LLP                                  Wilmington, DE 19899
200 Park Avenue                                    (302) 654-1888
New York, NY 10166                                 sbalick@ashbygeddes.com
(212) 318-6000                                     amayo@ashbygeddes.com

Dated: April 6, 2023                               *Attorney for Plaintiffs*